**In re D–LINK CORP. and D–Link Systems, Inc., Petitioners.**

**Misc. No. 822.**

United States Court of Appeals, Federal Circuit.

June 2, 2006.

Before NEWMAN, RADER, and SCHALL, Circuit Judges.

## ORDER

RADER, Circuit Judge.

D–Link Corp. and D–Link Systems, Inc. (D–Link) petition for a writ of mandamus directing the United States District Court for the Eastern District of Texas to (1) vacate its February 8, 2006 order denying D–Link's motion to transfer venue to the United States District Court for the Southern District of New York and (2) transfer the case to the Southern District of New York. D–Link submits a supplemental brief in support of its petition. Network–1 Security Solutions, Inc. opposes. D–Link requests oral argument.

Network–1 filed a complaint against D–Link alleging patent infringement in the Eastern District of Texas. *Network–1 Security Solutions, Inc. v. D–Link Corp.*, 433 F.Supp.2d 795 (E.D.Tex.2006). D–Link moved to transfer to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). The district court denied D–Link's motion, and D–Link asks that we vacate the district court's order denying its motion to transfer and order the district court to transfer the case to the Southern District of New York.

A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a case to another district or division where it might have been brought for the convenience of the parties and witnesses. In reviewing a district court's ruling on a motion to transfer pursuant to § 1404(a), we apply the law of the regional circuit, in this case the Fifth Circuit. *See Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed.Cir. 2003). Under Fifth Circuit precedent, a district court's decision concerning a motion to transfer venue is reviewed for abuse of discretion. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004).

D–Link argues that the district court abused its discretion in denying its motion to transfer because, inter alia, a trial in the Southern District of New York would be more convenient for witnesses and would provide greater ease of access to sources of proof. D–Link argues that certain witnesses and documents are located in New York and Connecticut and a trial in the Southern District of New York would thus be more convenient. D–Link also argues that five witnesses would not be subject to compulsory service of process in the Eastern District of Texas but would be subject to compulsory service of process in the Southern District of New York.

Network–1 contends that most relevant documents are likely located in California or Taiwan rather than New York. Network–1 also argues two of the five witnesses identified by D–Link are outside the subpoena power of the Southern District of New York, and that the five witnesses are relevant to a component made by a third party, PowerDsine, that is used in only five of D–Link's thirty eight alleged infringing products. Further, Network–1 argues that other witnesses reside in Texas, California, Israel, and Taiwan and with respect to these witnesses the Southern District of New York is not more convenient than the Eastern District of Texas.

With respect to the location of documents, the district court noted that D–Link admitted that the documents could, and likely would, be exchanged electronically and thus this factor did not support

transfer. With respect to the five witnesses identified by D–Link, the district court stated, "D–Link has not rebutted Network–1's contention that the majority of D–Link's accused products do not even used PowerDsine chips." We note that D–Link has not addressed this issue in its papers.

We are not convinced that D–Link has satisfied the difficult burden of showing that the district court clearly and indisputably abused its discretion in denying D–Link's motion to transfer.

Accordingly,

IT IS ORDERED THAT:

(1) D–Link's petition for a writ of mandamus is denied.

(2) D–Link's request for oral argument is denied.